77673. COHRAN v. HALDI et al.
77674, 77675. HALDI et al. v. COHRAN (two cases)
77676, 77677. JRG, INC. et al. v. COHRAN (two cases).

(376 SE2d 416)

DEEN, Presiding Judge.

Cohran, appellant in Case No 77673 and appellee in Case Nos. 77674, 77675, 77676, and 77677, deeded two pieces of property to Glenville Haldi, appellee in Case No. 77673 and appellant in Case Nos. 77674 and 77675, and at the same time borrowed from him $10,000. Haldi asserts that Cohran came to him seeking money and offering a security interest in the properties, but that after he told Cohran that he (Haldi) preferred not to be involved in a mortgagee relationship, Cohran proposed to deed him the properties in return for $10,000 and an option to repurchase the land within 90 days for $15,000. Cohran, in contrast, contends that at the time of this transaction he was emotionally distraught by the death of his mother some six months previously and had asked Haldi to hold the property in trust for his (Cohran's) two daughters, and that Haldi had taken advantage of his vulnerable state and defrauded him. Haldi categorically denies the foregoing allegations and alleges that the $10,000 came from a family-owned business, EOM, Inc., and that he had voluntarily, without consideration and against the wishes of principals of EOM, extended the repurchase agreement for two and one-half years, all the while urging Cohran to repurchase the property — particularly since, Haldi alleges, he knew Cohran had $25,000 in a safety deposit box. He further alleges that on other occasions Cohran borrowed or otherwise became indebted to him for $5,000 and smaller amounts.

Cohran sued Haldi (both individually and as a professional corporation) and other defendants, including, *inter alias*, JRG and EOM (appellants in Case Nos. 77676 and 77677), seeking to have the deeds cancelled and set aside, and also seeking an accounting, cancellation of an allegedly usurious loan, and punitive damages, attorney fees, and costs of litigation. Haldi counterclaimed for amounts totaling more than $9,000, plus interest, punitive damages, and attorney fees. He did not pray specifically for general damages. The remaining defendants answered, denying Cohran's allegations; defendants/appellees JRG, Inc., John Haldi (Glenville Haldi's brother and a principal in EOM), and Jerry Collins, d/b/a Collins Realty Co., sought costs, the reasonable rental value of the property, rents from the property less taxes and certain items attributable to the current owner, and an order requiring the current owner to be liable for any existing mortgages. Cohran unsuccessfully moved for directed verdict on a specific portion of the $9,000 sought by Haldi.

The jury directed that EOM be ordered to convey the property to Cohran and pay him $4,000 in attorney fees; it awarded $1,500 in at-

torney fees to Collins, $3,000 in attorney fees to JRG, $3,000 in attorney fees to John Haldi, and $25,000 in general damages to Glenville Haldi; and assessed the costs of the action against Cohran. EOM, Glenville Haldi, and Cohran filed motions for j.n.o.v. and new trial. A dispute over apportionment of the cost of preparing the transcript ensued, and ultimately Cohran's motions were denied.[1]

On appeal (Case No. 77673) Cohran enumerates as error the allegedly unauthorized pecuniary awards recited supra, together with the denial of his various motions, supra. Haldi et al. (Case Nos. 77674 and 77675) and JRG, Inc., et al. (Case Nos. 77676 and 77677) filed responsive briefs and cross-appeals. Haldi also moved that all the appeals be transferred to the Supreme Court on the ground that, since the case involved title to property and was therefore equitable, it was properly within the appellate jurisdiction of that tribunal.

Cohran moved for dismissal of the cross-appeals on the ground that they were untimely filed. All the appellees/cross-appellants responded to the motion by contending that the trial court's judgment did not become final and appealable until September 4, 1987, and that their September 29 filings were made within the prescribed 30-day period thereafter; and, moreover, that Cohran had given them no notice of the filing of his appeal but that they had inadvertently discovered the notice of appeal while examining the record at the courthouse.

Errors enumerated by the cross-appellants (Case Nos. 77674, 77675, 77676, and 77677) are as follows: (1) the trial court erred in ten different ways (e.g., equity, standing, statute of limitation, attempts to change warranty deeds into second mortgages) when it denied their motions for directed verdict made at the close of the evidence; and (2) the trial court further erred in failing to grant judgment to the defendants (appellees/cross-appellants) requiring Cohran to pay any indebtedness on the subject property.[2] *Held*:

1. We find no basis for granting Haldi's motions that the cases be transferred to the Supreme Court on the basis that the action below was initially a complaint in equity. No equitable issues remaining in the cases in their present posture, we find that jurisdiction is properly in this court and therefore deny the motions. Constitution of Georgia, Art. VI, Sec. VI, Par. III; Art. VI, Sec. V, Par. III.

2. We find without merit Cohran's enumerating as error the im-

---

[1] Cohran also filed motions to require defendants to share transcript costs, purportedly pursuant to a prior agreement; to vacate and set aside the judgment or to amend and clarify the judgment; and an amended motion for j.n.o.v. or in the alternative to amend the pleadings or to strike allegedly illegal portions of the verdict.

[2] There were, *inter alia*, allegations that Cohran had purported to improperly transfer the property to his wife in an allegedly fraudulent divorce action.

position upon him of damages, costs of litigation, etc. See, e.g., OCGA §§ 9-15-1 et seq.; 51-12-2.

3. Likewise without merit is Cohran's assignment of error to the trial court's award of general damages to Haldi. *Atlantic Coast Line R. Co. v. Thomas*, 14 Ga. App. 619 (82 SE 299) (1914).

4. Scrutiny of the voluminous record reveals no merit in the parties' remaining enumerations of error.

*Judgments affirmed. Carley and Sognier, JJ., concur in the judgments only.*

DECIDED NOVEMBER 21, 1988 —
REHEARINGS DENIED DECEMBER 2 AND 5, 1988 — ▮▮▮▮▮▮

*Larry Cohran*, pro se.
*Glenville Haldi*, pro se.
*William L. Spearman*, for JRD & EOM.